UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREENIE ANTHONY WEAVER a/k/a JEROME WEAVER,

Plaintiff,

v.

MICHAEL HENNESSEY; et al.,

Defendants.

No. C 12-896 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Greenie Anthony Weaver a/k/a Jerome Weaver, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

The complaint primarily concerns an alleged over-detention of Weaver at the San Francisco County Jail. Weaver alleges that, on March 18, 2011, he was sentenced to "47 days time served" and, five days later, was sentenced to "30 days SWAP/treatment on demand" in the same case. Docket # 1, p. 3. He further alleges that his attorney "filed a motion to have [Weaver] released from custody because Judge Cindy Lee refused to release me on the Double Jeopardy sentence. Judge Cindy Lee or Cynthia Ming-Mei Lee may have been responsible for the illegal sentence." *Id.*

Weaver also alleges that he had delayed access to the court due to limits on the law library, legal assistance, copies, and writing supplies.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint is dismissed with leave to amend because it fails to state a claim upon which relief may be granted. First, the nature of Weaver's over-detention claim cannot be understood from his allegations. The court cannot determine whether Weaver is trying to claim that the court imposed an illegal sentence that the jailers implemented, or that the jailers failed to implement the sentence ordered by the court. He needs to file an amended complaint, clarifying the nature of his claim. If he contends he was subjected to an over-detention (i.e., had to stay in custody longer than allowed by law), he should state when he was released, and when he should have been released. He also needs to link defendants to this claim, by alleging what each proposed defendant did or failed to do that caused a violation of his constitutional rights.

Second, the complaint fails to state a claim for denial of access to the courts. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 355. Examples of impermissible hindrances include: a prisoner whose complaint was

2

1 dismissed for failure to satisfy some technical requirement which, because of deficiencies in the
2 prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered
3 arguably actionable harm" that he wished to bring to the attention of the court, but was so
4 stymied by the inadequacies of the prison's services that he was unable even to file a complaint.
5 *See id.* at 351. Weaver has not identified any actual injury, as he must to state a claim for a
6 denial of access to the courts based on a denial of assistance and supplies. In his amended
7 complaint, Weaver must cure this pleading deficiency. He also needs to link defendants to this
8 claim, by alleging what each proposed defendant did or failed to do that caused a violation of
9 his constitutional rights.

10 Finally, the complaint has claims that may not be properly joined under Federal Rule of
11 Civil Procedure 20(a). Rule 20(a) provides that all persons may be joined in one action as
12 defendants if "any right to relief is asserted against them jointly, severally, or in the alternative
13 with respect to or arising out of the same transaction, occurrence, or series of transactions or
14 occurrences" and if "any question of law or fact common to all defendants will arise in the
15 action." Weaver's complaint concerns different incidents that may not be connected, although
16 their relatedness (or lack thereof) cannot be determined at this time because of the absence of
17 factual details about the claims and defendants' involvement therein. In his amended complaint,
18 Weaver may only allege claims that (a) arise out of the same transaction, occurrence, or series
19 of transactions or occurrences and (b) present questions of law or fact common to all defendants
20 named therein. Weaver needs to choose what claims he wants to pursue that meet the joinder
21 requirements.

## CONCLUSION

24 For the foregoing reasons, the complaint is dismissed with leave to amend. The amended
25 complaint must be filed no later than **June 29, 2012**, and must include the caption and civil case
26 number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff
27 is cautioned that his amended complaint must be a complete statement of his claims and will
28 supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

3

1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's motion to amend defendants and statement of facts is DENIED as unnecessary because this order permits him to file an amended complaint. (Docket # 5.) Plaintiff filed two actions on the same day. He is cautioned that he should not allege the same claims in this action that he has alleged in the other action.

IT IS SO ORDERED.

Dated: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge